UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00093-LLK

**NATALIE BROOKE PYLES**                                                                                              **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18-1 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 16].

The Administrative Law Judge ("ALJ") denied Plaintiff's claim at the second step of the sequential evaluation process, finding that she has no severe, or vocationally significant, physical or mental impairment. [DN 14 at 18]. Plaintiff makes one over-arching argument that the ALJ's second-step denial decision is not supported by substantial evidence and three sub-arguments. Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

The ALJ found that Plaintiff has no severe physical or mental impairment. [DN 14 at 18]. In particular, the ALJ found that Plaintiff's "medically determinable … sprains and strains of all types" are non-severe because "[t]here are no medical signs or laboratory findings to substantiate the existence of a medically determinable severe impairment." *Id.*

Although the ALJ's decision does not explicitly mention it, Plaintiff suffered a motor vehicle accident ("MVA"), which allegedly resulted in severe neck and right upper extremity impairments. As detailed below, in context, it is apparent that the ALJ took the phrase "sprains and strains" from the Commissioner's non-examining program physician, Timothy Gregg, M.D., as referencing Plaintiff's alleged severe post-MVA neck and right upper extremity impairments.

In finding that Plaintiff has no severe, or vocationally significant physical impairment, the ALJ relied on the medical opinions of the Commissioner's one-time examining consultant, Jonelle Delawrence, M.D., and Dr. Gregg. [DN 14 at 18-20].

Dr. Delawrence examined Plaintiff on October 24, 2017. Four days later, on October 28, 2017, Plaintiff was in an MVA. Plaintiff received medical treatment and submitted to a January 4, 2018 cervical MRI. On February 19, 2018, in light of Dr. Delawrence's findings and Plaintiff's post-MVA medical treatment and MRI results, Dr. Gregg opined that, while Plaintiff has medically-determinable "sprains and strains," these impairments, either singly or in combination, do not significantly impact Plaintiff's ability to perform one or more basic work activities. [DN 14 at 119-20].

**Standards governing the second (severity) step of the sequential evaluation process.**

At step two of the sequential evaluation process, an ALJ must consider whether any medically determinable impairment (e.g., Plaintiff's "sprains and strains") is a severe impairment, and whether it satisfies the twelve-month durational requirement in 20 C.F.R. § 416.909. 20 C.F.R. § 416.920(a)(4). To be classified as severe, an impairment or combination of impairments must significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). Basic work activities, defined in the regulations as "the abilities and aptitudes necessary to do most jobs," include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4)

use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. 20 C.F.R. § 416.922.

**The ALJ did not commit reversible error by failing to "consider" Plaintiff's alleged severe post-MVA neck and right upper extremity impairments.**

Plaintiff's over-arching (and only numbered) argument is that "the ALJ failed to consider various impairments and such an omission requires a remand to determine the nature of severity of those impairments." [DN 18-1 at 2]. The impairments to which Plaintiff refers are her alleged severe post-MVA neck and right upper extremity impairments.

Plaintiff's argument is unpersuasive for five reasons. First, while the ALJ's decision does not explicitly mention Plaintiff's MVA, as indicated above, the decision does appear to use the phrase "sprains and strains" as referencing the alleged impairments.

Second, an ALJ may "consider" an impairment or item of evidence in making a decision but not "discuss" it in the written decision. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party").

Third, Plaintiff carried the burden of proof at the second (severity) step of the sequential evaluation. *Winn v. Comm'r*, 615 F. App'x 315, 324-25 (6th Cir. 2015).[1] Ultimately, Plaintiff failed to satisfy her burden.

Fourth, even if the alleged impairments resulted in inability to do basic work activities, there is no allegation or evidence they lasted for a period satisfying the twelve-month durational requirement (discussed above).

---

[1] Admittedly, Plaintiff's "burden of establishing a 'severe' impairment during the second step of the disability determination process is a 'de minimis hurdle.'" *Winn v. Comm'r*, 615 F. App'x 315, 324-25 (6th Cir. 2015) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)). "Under [this] prevailing de minimis view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.*

Fifth, the ALJ acted within his "zone of choice" in finding Plaintiff failed to prove her post-MVA sprains and strains affect her ability to do basic work activities. The substantial-evidence standard, which governs judicial review, "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009).

**The ALJ did not err in relying on the medical opinions of Drs. Delawrence and Gregg.**

Plaintiff's first sub-argument is that the MVA undermined the ALJ's reliance on the findings of Drs. Delawrence and Gregg. [DN 18-1 at 3-4]. The argument is unpersuasive because, as indicated above, Dr. Gregg took into account Plaintiff's post-MVA medical treatment and cervical MRI results. [DN 14 at 119-20].

**The ALJ did not err in failing to "consider" certain items of evidence.**

Plaintiff's second sub-argument is that the ALJ did not "consider" the following specific items of evidence appearing on the following pages of the administrative record: 59-61, 328-36; 357-62; 379-85; 585-99; 686-97; 791-842. [DN 18-1 at 2-3].

The argument is unpersuasive for two reasons. First, there is no allegation or proof of how these items of evidence show her alleged impairments affect her ability to do basic work activities.[2] Second, as previously stated, an ALJ may "consider" an impairment or item of evidence in making a decision but not "discuss" it in the written decision.

**The ALJ did not err in failing to "consider"
Plaintiff's alleged impairments in light of the vocational testimony.**

Plaintiff's third and final sub-argument is that the ALJ should have "considered" her alleged impairments in light of the vocational testimony. [DN 18-1 at 2-3]. At the administrative hearing, the ALJ

---

[2] These records reflect that Plaintiff sought medical treatment after the MVA – in the emergency room, at TJ Health Columbia with Clinton Kiteck, D.O., at Lakeway Chiropractic with Dr. Jeffery Meyers, and at Norton Neuroscience Institute. The medical records, however, contain no significantly abnormal clinical findings. In fact, except for the cervical MRI, the medical records contain little objective medical evidence (at all) but merely record Plaintiff's allegations. Plaintiff's allegations at the administrative hearing, [DN 14 at 59-61], are substantially the same as those in her medical records.

asked the vocational expert ("VE") to consider a hypothetical individual who has "only occasional use of the right upper extremity for reaching, fingering, and handling," and the VE testified that the individual would be unemployable. *Id.* quoting hypothetical at DN 14 at 68.

The argument is unpersuasive for two reasons. First, there is no allegation or evidence that Plaintiff's alleged impairments limit her to only occasional reaching, fingering, and handling. Second, as previously stated, an ALJ's decision need not discuss every impairment or item of evidence -- much less every limitation suggested by a vocational hypothetical.

## Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 18, 2021

Lanny King, Magistrate Judge
United States District Court